Filed 5/15/26  P. v. Trivizo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086922 |
| v. | (Super.Ct.No. INF049480) |
| JESSE TRIVIZO, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Dismissed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Jesse Trivizo, Jr., appeals from the order of the Riverside County Superior Court denying his motion for a hearing pursuant to *People v. Franklin*

(2016) 63 Cal.4th 261, 286 (*Franklin*) and *In re Cook* (2019) 7 Cal.5th 439, 446-447.[1]

We will dismiss the appeal.

## BACKGROUND

As relevant here, a jury convicted defendant in May 2007 of first degree murder (§ 187, subd. (a), count 1) committed in January 2005 when defendant was 22 years old.[2] The trial court sentenced defendant to life without possibility of parole for the murder.

In February 2025, defendant petitioned the trial court for a *Franklin* hearing on the grounds that he was not afforded the opportunity to have mitigating factors taken into consideration when he was sentenced, noting that he was 23 years old at the time of his conviction. At the August 2025 hearing on defendant's petition, his counsel advised the trial court that defendant's *Franklin* motion was not appropriate because defendant was not qualified for a youth offender parole hearing. The court summarily denied the petition because he was well beyond the age of 18 when the murder took place on January 2, 2005, and, therefore, he was statutorily ineligible for relief.

Defendant appealed and we appointed counsel to represent him.

---

[1] All further statutory references are to the Penal Code.

[2] Defendant was also convicted of assault with a deadly weapon (§ 245, subd. (a)(2), count 3) for which he received a four-year sentence to run consecutive to the sentence imposed for the murder (count 1). He also received a four-year sentence for a section 12022.5, subdivision (a)(2) enhancement to count 3, to run consecutive with the sentence for that count.

**DISCUSSION**

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel notes we have discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216, 232 to conduct an independent review of the record in his appeal. Counsel suggests a potential issue, that is, whether the trial court erred when it denied defendant's request for a *Franklin* hearing in view of the facts that defendant was 22 years old at the time of his offense and he was sentenced to life in prison without the possibility of parole.

We notified defendant that his counsel had filed a brief stating counsel had not found an arguable issue, that this court is not required to conduct an independent review of the record but it may exercise its discretion to do so, and we invited him to file any arguments he deemed necessary. Defendant did not file a brief.

Neither defendant nor his counsel have presented an issue and, upon our review of the record, we do not find any error. Accordingly, we dismiss defendant's appeal.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
_____
P. J.

We concur:

MCKINSTER
_____
J.

CODRINGTON
_____
J.